Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LUIS ÁNGEL SUÁREZ ROBLES<br><br>Peticionario | KLCE202400575 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Criminal Núm.:<br>C SC2021G0272<br>C SC2021G0273<br>C LA2021G0193<br>C LA2021G0194<br><br>Sobre:<br>Art. 401 Ley 4 (S.C.)<br>(2 Cargos)<br>Art. 6,22 Ley 168 (L.A.)<br>Art. 6.08 Ley 168 (L.A.) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece el señor Luis Ángel Suárez Robles (señor Suárez Robles o peticionario) vía *certiorari* y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Arecibo, emitida el 23 de abril de 2024. En dicho dictamen, se declaró a un testigo como no disponible por razón de condición médica perjudicial. Por los fundamentos que expresaremos, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de acusaciones radicadas contra el señor Suárez Robles por dos infracciones al Artículo 401 de la Ley Núm. 4 del 23 de junio de 1971 (42 LPRA sec. 2401), además de una infracción al Artículo 6.22 y otra al Artículo 6.08 de la Ley Núm. 168-2019 (25 LPRA sec. 466u, 466g). Según el expediente, el señor

Suárez Robles solicitó la supresión de la declaración jurada del Agente Ángel Rosado Hernández (Agte. Rosado Hernández o testigo) de la Policía de Puerto Rico, a raíz de la cual se obtuvo la orden judicial que concluyó en su arresto. No obstante, después de celebrarse una Vista de Supresión de Evidencia en la cual el Agte. Rosado Hernández testificó, el foro primario denegó la referida solicitud. Subsiguientemente, el Tribunal de Apelaciones confirmó el dictamen del foro primario.

Posterior a ello, el 27 de octubre de 2023, el Ministerio Público solicitó que se declarase al Agte. Rosado Hernández como testigo no disponible debido a que su enfermedad coronaria imposibilitaba su comparecencia. En consecuencia, el Ministerio Público pidió que el testimonio de su testigo fuera sustituido con el testimonio que este efectuó bajo juramento en la Vista de Supresión de Evidencia. En oposición, el señor Suárez Robles argumentó que el Agte. Rosado Hernández no padecía de una condición médica tan deteriorada que imposibilita su comparecencia, más que las pruebas de referencia solo se admiten cuando aplica la no disponibilidad del declarante al quien la defensa tuvo previamente la oportunidad de contrainterrogar.

Al celebrarse una vista en la cual testificaron el médico y los compañeros de trabajo del Agte. Rosado Hernández y se presentaron récords médicos, se demostró que: (1) para el 28 de noviembre de 2023, el Agte. Rosado Hernández estaba medicamente estable después de un régimen de medicamentos y ejercicios; (2) para el 22 de enero de 2024, el panel metabólico compresivo del testigo mostraba una mejoría en su salud; (3) se le instruyó al testigo evitar situaciones de estrés; (4) se le concedió acomodo razonable en el trabajo; y (5) a pesar de lo anterior, el testigo fue hospitalizado el mes anterior a la vista. Evaluado lo

anterior, el foro primario determinó que el Agte. Rosado Hernández es un testigo no disponible al amparo de la Regla 806(A)(4) de *Evidencia de 2009* (32 LPRA Ap. VI), al probarse la condición crónica de este y entender que el Tribunal no puede controlar la manera que el testigo reaccionará al estrés que pueda padecer al testificar.

Insatisfecho, el señor Suárez Robles recurre ante este Tribunal y alega que el foro primario erró al (1) resolver que el Ministerio Público presentó prueba competente y confiable sobre la seriedad de la condición de salud del Agte. Rosado Hernández; (2) que la prueba no demostró que el Agte. Rosado Hernández padece de una condición tan deteriorada que lo imposibilite testificar en el caso; y (3) que el testigo cuenta con veintinueve años de servicio en la Policía de Puerto Rico y ha testificado un sinnúmero de ocasiones en los tribunales, por lo cual no debe sufrir de estrés al testificar en este caso.

En su oposición, el Ministerio Público argumenta que (1) la prueba desfilada fue fehaciente en demostrar que el Agte. Rosado Hernández padece de una condición no sanable y que no puede exponerse a situaciones de estrés; (2) el récord médico demuestra que el testigo ha sufrido desviaciones desde su cateterismo; (3) se cumplieron con los requisitos de la Regla 806 de *Evidencia*; y (4) este Tribunal debe diferirse a la apreciación de la prueba realizada por el foro primario.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean*

*Orthopedics Products of PR, LLC v. Medshape, Inc. et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro de Patología Avanzada*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112 (2006); *Rivera et al. v. Banco Popular*, 152 DPR 140 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649 (2000)).

Ahora bien, la Constitución de Puerto Rico, igual que la de Estados Unidos, vincula el derecho al debido proceso de ley al derecho fundamental del acusado confrontar y defenderse ante los testigos del Ministerio Público. Enmda. VI, Const. EE. UU., LPRA, Tomo 1; Art. II, Sec. 11, Const. de PR, LPRA, Tomo 1; *Pueblo v. Santiago Cruz*, 205 DPR 7 (2020) (citando a *Pointer v. Texas*, 380 US 400 (1965)). Este principio se manifiesta en tres vertientes: (1) el derecho al careo o

confrontación cara a cara con los testigos adversos; (2) el derecho a contrainterrogar, y (3) el derecho a que se excluya la prueba de referencia que intente presentar el Ministerio Público. *Pueblo v. Zeno Torres*, 211 DPR 1 (2022) (citando a *Pueblo v. Guerrido López*, 179 DPR 950 (2010)).

En lo pertinente, la prueba de referencia se define como toda declaración que no sea aquella que la persona declarante hace en el juicio o en la vista, pero que se ofrece en evidencia para probar la verdad de lo aseverado. Regla 801 de Evidencia, *supra*. Véase, también, *Rosado Reyes v. Global Healthcare Group, LLC*, 205 DPR 796 (2020). Generalmente, los tribunales excluirán este tipo de declaración testimonial excepto cuando (1) el declarante no está disponible para comparecer al juicio; y (2) el acusado tuvo la oportunidad de contrainterrogar al declarante en el momento en que se hizo la declaración. *Pueblo v. Santos Santos*, 185 DPR 709 (2012) (citando a *Crawford v. Washington*, 541 US 36 (2004)). De no satisfacerse estos requisitos, la declaración se considerará como prueba de referencia inadmisible contra el acusado. Íd.

A la luz de lo anterior, nuestro ordenamiento dispone de varias excepciones a la inadmisibilidad de la prueba de referencia, una de las cuales es cuando el testigo esté imposibilitado de comparecer a testificar por razón de enfermedad o impedimento mental o físico. Regla 806(A)(4) de Evidencia, *supra*. Específicamente, la condición de salud debe de estar tan deteriorada que el individuo no podrá comparecer al juicio en un futuro predecible. E.L. Chiesa Aponte, *Reglas de Evidencia Comentadas*, 1.ª ed., San Juan, Ed. SITUM, 2016, pág. 325. Por tanto, el Tribunal debe determinar cautelosamente de que

el declarante no está disponible para testificar, especialmente cuando involucra un testigo de cargo y cabe la posibilidad de posponer la vista o dejar para el final su testimonio. Íd. No obstante, si es manifiesto que el testigo no podrá comparecer en un futuro razonable, debe hacerse la determinación de no disponibilidad. Íd.

Más allá de nuestros tratados jurídicos, los tribunales federales consideran que se debe evaluar (1) la severidad y la duración de la condición médica; (2) los síntomas específicos de la condición; (3) la validez de la evidencia presentada sobre el asunto; y (4) si la condición va a durar por tanto tiempo que el Tribunal no podrá meramente posponer la vista del testimonio, entre otros. *US v. McGowan*, 590 F.3d 446 (7mo Cir. 2009) (citando a *Burns v. Clusen*, 798 F.2d 931 (7mo Cir. 1986)); *US v. McGuire*, 307 F.3d 1192 (9no Cir. 2002); *US v. Bremers*, 2002 US App. LEXIS 28955 (5to Cir. 2002) (citando a *Ecker v. Scott*, 69 F.3d 69 (5to Cir. 1995)); *US v. Faison*, 679 F.2d 292 (3er Cir. 1982). Véase, también, Fed. R. Evid. 804(a)(4). Igualmente es importante que el solicitante presente evidencia actualizada sobre la salud física o mental del testigo el día o cerca del día del juicio. *US v. McGowan*, *supra* (citando a *Burns v. Clusen*, *supra*).

En este caso, el Tribunal de Primera Instancia erró al determinar que el Agte. Rosado Hernández es testigo no disponible. A pesar de la reciente hospitalización del testigo, el expediente demuestra un patrón general de mejoramiento en su salud. Además, el Agte. Rosado Hernández es testigo de cargo y el foro primario puede posponer o dejar para el final la vista de su testimonio. Por tanto, y en consideración de la suma importancia del derecho de confrontación en nuestro ordenamiento, no se puede calificar al Agte. Rosado Hernández como

testigo no disponible y, en efecto, este tendrá que testificar ante el Tribunal de Primera Instancia.

Por los fundamentos expresados, se expide el auto de *certiorari* y se revoca la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Brignoni Mártir disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>V.<br><br>LUIS ÁNGEL SUÁREZ ROBLES<br><br>PETICIONARIO | KLCE202400575 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Sala:0303<br><br>Criminal Núm.:<br>C SC2021G0272<br>C SC2021G0273<br>C LA2021G0193<br>C LA2021G0194<br><br>Sobre:<br>ART. 401 LEY 4 (S.C.) (2 CARGOS); ART. 6.22 LEY 168 (L.A.); ART. 6.08 LEY 168 (L.A.) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

**VOTO DISIDENTE DE LA JUEZ BRIGNONI MÁRTIR**

En San Juan, Puerto Rico, a 27 de junio de 2024.

Muy respetuosamente, difiero del curso de acción tomado por la mayoría del Panel XI a los efectos de expedir el auto y revocar la resolución que hoy nos ocupa. Luego de escuchar la regrabación de la vista y de analizar detenidamente la fundamentada resolución emitida por el foro primario, me reitero en que lo procedente es darle deferencia a la apreciación de la prueba desfilada y denegar la expedición del recurso instado ante nos.

El 19 de octubre de 2021 el Ministerio Público radicó varias acusaciones contra el Sr. Suárez por dos infracciones al Artículo 401 de la *Ley de Sustancias Controladas de Puerto Rico*, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA sec. 2401, y por infracciones a los artículos 6.02 y 6.08 de la *Ley de Armas de Puerto Rico de 2020*,

Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, 25 LPRA sec. 466g, 466a. Luego de varios trámites procesales, el peticionario solicitó la supresión de evidencia obtenida a raíz de una orden judicial basada en una declaración jurada del Agente Rosado, por entender que esta adolecía de alegaciones falsas e insuficientes. No obstante, luego de celebrada la correspondiente vista de supresión, el foro primario denegó dicha solicitud.

Posterior a ello, el Ministerio Público presentó una *Moción Informativa y en Sustitución de Testigo*. En esta, solicitó que se declarase al Agente Rosado como testigo no disponible debido a que este padecía de varias condiciones de salud que imposibilitaban su comparecencia, y que, en consecuencia, su testimonio en juicio fuera sustituido con el testimonio que efectuó bajo juramento en la vista de supresión de evidencia efectuada el 17 de junio de 2022. Acompañó su petición con una orden médica del Cardiólogo Cesar Cruz García (en adelante, Dr. Cruz) del 29 de agosto de 2023, en la cual el Dr. Cruz detalló las condiciones que padece el Agente Rosado incluyendo enfermedad coronaria con angioplastia, "stenst" coronario, hipertensión arterial descontrolada, asma bronquial, obesidad e hipertensión pulmonar. Añade la orden médica que el Agente Rosado no puede ejercer trabajo moderado ni severo. Al contrario, puntualiza que debe limitarse a trabajos leves, y no exponerse a situaciones de estrés. Además, el Ministerio Público indicó que la defensa pudo interrogar ampliamente al Agente Rosado, por tanto, se salvaguarda el derecho del Sr. Suárez a confrontar y a carearse con los testigos de cargo.

En respuesta, la defensa presentó su *Moción en Oposición a Solicitud Sustitución de Testigo* el 21 de noviembre de 2023, en la cual arguyó que el Ministerio Público falló en presentar prueba que demostrase que el Agente Rosado no puede comparecer y declarar en el juicio. Resaltó que a pesar de que el certificado médico especifica que solo puede realizar trabajos leves, el Agente Rosado aun trabaja para la

Policía de Puerto Rico. Señaló que, según el tratadista E. L. Chiesa Aponte, para poder determinar la no disponibilidad de un testigo, se debe establecer que dicho testigo padece una condición tan deteriorada que lo imposibilita comparecer en un futuro razonable.

Con el propósito de atender ambas posturas, el TPI celebró la procedente vista al amparo de la Regla 109(A) de Evidencia, 32 LPRA Ap. VI, R. 109, el 12 de abril de 2024 donde testificó el Dr. Cruz, el Sargento Gamalier Delgado y el Teniente Alex Santiago Pérez, antiguo y actual supervisor, respectivamente, del Agente Rosado. Luego de evaluados los argumentos de ambas partes y los referidos testimonios, el foro primario emitió una extensa y fundamentada *Resolución* el 23 de abril de 2024 en la cual dictaminó que el Ministerio Público pasó prueba competente y confiable que evidencia la seriedad de las condiciones de salud del Agente Rosado. Determinó, además, que las mencionadas condiciones no eran temporeras, sino crónicas, y que cualquier estrés pudiese ser detrimental para su salud. En consecuencia, declaró *Ha Lugar* la *Moción Informativa y en Sustitución de Testigo* presentada por el Ministerio Público y declaró al Agente Rosado un testigo no disponible.

Inconforme, el Sr. Suárez recurrió ante este foro alegando en síntesis, que de la totalidad de la prueba desfilada no se pudo establecer que el Agente Rosado padeciera de una condición tan deteriorada que le imposibilite comparecer al juicio. Destaca que el Dr. Cruz declaró que la condición cardiovascular del Agente se encuentra estable. Asimismo, indica que en ninguna de las últimas cuatro evaluaciones médicas hubo hallazgos atípicos, y que, al contrario, se estableció que su presión arterial se encontraba dentro de los límites normales, no presentaba dolor de pecho y sus pulmones se encontraban claros. El Sr. Suárez además puntualizó que el foro primario erró al no considerar que el Agente Rosado cuenta con veintinueve años de servicio y que ha testificado en numerosas ocasiones por lo cual debe estar inmune a la tensión generada al testificar por primera vez. Por tanto, concluyó que, en un balance de

intereses, tiene primacía el derecho al careo, el derecho a la confrontación y a contrainterrogar que le asiste al peticionario.

Por su parte, el Ministerio Público arguyó en su alegato en oposición que en el caso de autos se cumplió a cabalidad los requisitos de la Regla 806(B)(1) de Evidencia, *supra*, considerando que se justificó la no disponibilidad del Agente Rosado con evidencia sólida. Añadió que en la vista de supresión de evidencia se presentó el testimonio bajo juramento del Agente Rosado quien declaró con relación a la orden de allanamiento y dónde el peticionario tuvo amplia oportunidad de contrainterrogarlo.

En cuanto a la evidencia médica, el Ministerio Público enfatizó que la prueba vertida en la vista al amparo de la Regla 109 de Evidencia, *supra* demostró plenamente a satisfacción del foro primario el delicado estado de salud del Agente Rosado. Hizo referencia al testimonio del Dr. Cruz, donde éste último relató que el Agente Rosado fue operado de corazón abierto, que utiliza cinco medicamentos para controlar su presión arterial y donde expresó al Tribunal que es su recomendación profesional que el Agente Rosado debe evitar situaciones que ocasionen estrés. En respuesta a la alegación del peticionario de que se demostró que el Agente Rosado se encuentra estabilizado, el Ministerio Público trajo a colación la parte del testimonio del Dr. Cruz donde esclareció que, aunque los medicamentos estén cumpliendo su función estabilizadora, estos no tienen un efecto sanador, por tanto, una situación que le ocasione estrés puede desestabilizarlo, o incluso causarle un fallo cardiaco.

Luego de analizados los argumentos de las partes, la fundamentada determinación recurrida y de escuchar de manera sosegada y cautelosa la totalidad de la regrabación de la vista al amparo de la Regla 109 (A) de Evidencia, *supra,* muy respetuosamente sostengo que, a la luz de las circunstancias de este caso, no existen fundamentos jurídicos que nos motiven a expedir el auto de *certiorari* de conformidad a la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap.

XXII-B, R. 40. De igual modo, en la evaluación de la contundente prueba documental, incluyendo el récord médico del testigo, la prueba testifical y pericial que justipreció el foro primario, no encuentro los elementos requeridos para determinar que éste actuó de forma arbitraria, caprichosa, o incurrió en un craso abuso de discreción.

Maritere Brignoni Mártir
Juez del Tribunal de Apelaciones